```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

BOOMER'S NEIGHBORHOOD GRILL
& BAR, INC. dba KGA, Inc.,

      Plaintiff,

v.                                    Case No:   2:23-cv-1004-JES-NPM

WESTCHESTER   SURPLUS   LINES
INSURANCE COMPANY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #7) filed on November 14, 2023. Plaintiff filed a Response to Defendant's to Motion (Doc. #12) on December 5, 2023. For the reasons set forth below, the motion is denied.

In the Complaint (Doc. #3), plaintiff Boomer's Neighborhood Grill & Bar, Inc. (Boomer's or Plaintiff) sues its insurance company Westchester Surplus Lines Insurance Company (Westchester or Defendant) in connection with a claim filed for damages caused by Hurricane Ian. In sum, Count I seeks specific performance of the appraisal clause contained within the insurance contract, while Count II alleges a breach of contract for failing to appoint an appraiser to determine the amount of loss.

In this diversity case, the Court applies federal procedural law and state substantive law. Gasperini v. Cntr. for Humanities,

Inc., 518 U.S. 415, 427 (1996). Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).

Under the relevant Florida statute, "[a]s a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131." Fla. Stat. § 627.70152(3)(a). The notice must specify:

> 1. That the notice is provided pursuant to this section.
>
> 2. The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.
>
> 3. If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.
>
> 4. If the notice is provided following a denial of coverage, an estimate of damages, if known.

> 5. If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:
>
> a. The presuit settlement demand, which must itemize the damages, attorney fees, and costs.
>
> b. The disputed amount.

Fla. Stat. § 627.70152(c)(1).

Defendant first argues that Plaintiff failed to give the required statutory notice of filing suit. While Defendant concedes Plaintiff filed a Notice, it argues that Notice was deficient because it did not give notice that plaintiff intended to file suit regarding the failure to designate an appraiser and did not allege any acts or omissions that could plausibly give rise to litigation.

As the Florida statute states, the Notice is a "condition precedent" to the filing of a civil action. Fla. Stat. § 627.70152(3)(a). "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). "Under this rule, if a party disagrees with a general averment that the conditions precedent have been met, that party may raise the issue with a specific and particular denial. If the party does not deny the satisfaction of the conditions precedent specifically and with particularity, however, the allegations are assumed admitted and cannot later be attacked."

3

Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1009 (11th Cir. 1982). See also Myers v. Cent. Florida Investments, Inc., 592 F.3d 1201, 1224 (11th Cir. 2010) (citing Jackson).

The Complaint specifically alleges that Plaintiffs "have performed all conditions precedent to the maintenance of this action." (Doc. #3, ¶ 38.) This is sufficient. Equal Employment Opportunity Comm'n v. Times-Picayune Pub. Corp., 500 F.2d 392, 392 (5th Cir. 1974) (Finding the original complaint "generally alleging that 'all conditions precedent to the institution of the lawsuit have been fulfilled,' was sufficient to withstand a motion to dismiss.")[1]  Therefore, this portion of Defendant's argument is denied.

Defendant also argues that there are insufficient facts to state a plausible claim. Defendant argues that the Complaint omits critical dates and is ambiguous as to the timeline of events, glosses over the most critical communications or lack of communication, fails to demonstrate its own ability to retain an appraiser, and fails to establish a continuing genuine disagreement over the amount of loss. The Court finds that the Complaint, read as a whole, sufficiently alleges plausible claims

---

[1] Opinions of the Fifth Circuit rendered before the close of business on September 30, 1981, are binding on this Court. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir.1981).

4

against Defendant.  This portion of Defendant's motion is also denied.

The Court notes that a Hurricane Ian Scheduling Order (Doc. #5) has been entered in this case, which provides:

> Any motion for appraisal must be filed no later than **21 days** after a Response to the Complaint is filed. Filing a motion for appraisal tolls the deadlines in this order. **If the parties agree that appraisal is appropriate, they should stipulate, and the case will be stayed.**
>
> When conferring about appraisal, the parties should consider the "overwhelming preference in Florida for the resolution of conflicts through any extra-judicial means . . . for which the parties have themselves contracted." *McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp. 3d 1293, 1296 (M.D. Fla. 2019) (quoting *State Farm Fire & Cas. Co. v. Middleton*, 648 So. 2d 1200, 1201-1202 (Fla. 3d DCA 1995)). When an insurance policy contains an appraisal provision, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, 'neither party has the right to deny that demand.'" *McGowan*, 411 F. Supp. 3d at 1296 (quoting *United Cmty. Ins. Co. v. Lewis*, 642 So. 2d 59, 60 (Fla. 3d DCA 1994)). And like other stipulations about dispute resolution, the court enforces contractual appraisal provisions by non-dispositive order. *See Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809, *2 (M.D. Fla. Mar. 10, 2022) ("[B]ecause appraisal will not dispose of any claims or defenses, the Court does not treat the motion to compel appraisal as one for summary judgment.") (citing *Waterford Condo. Ass'n of Collier Cty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-cv-81-FtM-38-NPM, 2019 WL 3852731, *2 (M.D. Fla. Aug. 16, 2019)).

(Doc. #5 at p. 2) (emphasis in original).  The Court anticipates a motion or stipulation will be filed on the issue of appraisal.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #7) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of December 2023.

                                        JOHN E. STEELE
                                        SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

6