UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISON

BOOMER'S NEIGHBORHOOD GRILL
& BAR, INC. d/b/a KGA, INC.,

   Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

   Defendant.

Case No.: 2:23-cv-01004-JES-NPM

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, BOOMER'S NEIGHBORHOOD GRILL & BAR, INC. d/b/a KGA, INC., responds to Defendant, Westchester Surplus Lines Insurance Company's Motion to Dismiss and as grounds therefore state:

## MEMORANDUM OF LAW

### I. AT THE REQUIRED MEET AND CONFER CONFERENCE, ATTORNEY GARRIDO STIPLATED THAT THE ISSUES OF ENTITLEMENT TO TAX AND FEES WERE STILL AT ISSUE.

On March 28, 2025, Attorney Millard engaged in a telephonic meet and confer with Attorney Garrido for the purpose of addressing several issues in the case. Attorney Millard sought to discuss the Defendant's failure to deliver a reissued appraisal check and Defendant's failure to coordinate Defendant's Corporate Representative's deposition. Attorney Garrido expressed interest in addressing several other issues, including his purported desire to file a motion to dismiss Plaintiff's Amended Complaint.

Attorney Garrido advised that he believed the counts were "moot" because his client agreed to a joint motion to engage in appraisal – eight months after Plaintiff filed suit to compel

appraisal – and that there was an umpire that was selected as well. Attorney Millard advised that the Amended Complaint simply added counts and that the issues raised in the prayer for relief remained at issue because it was Plaintiff's position that it filed the lawsuit due to his client's failure to simply move forward with the invoked appraisal process. Attorney Garrido agreed and stipulated that "the prayer for relief as it pertains to attorney's fees and costs is not moot." Attached an incorporated herein as Exhibit A.

Per Attorney Garrido's own agreement, the present motion should be denied. Moreover, during the Meet and Confer Attorney Millard referred Attorney Garrido to *Synergy Contr. Grp., Inc. v. Fednat Ins. Co.*, 332 So. 3d 62 (Fla. 2d DCA 2021) where the Second Circuit took guidance from the Middle District of Florida. Specifically, the Court cited to *Astorquiza v. Covington Specialty Insurance Co.*, 8:19-CV-226-T-60CPT, 2020 U.S. Dist. LEXIS 200617 (M.D. Fla. Oct. 28, 2020) where under very similar circumstances the Court held that under the "confession of judgment" rule, by issuing payment of the claim, the Defendant had abandoned the justification for not properly paying the claim and conceded that its prior withholding of payment had been incorrect. The *Synergy* Court then reasoned that the case was not "moot" simply because the insurer had tendered the appraisal award during litigation because an insured is normally deemed to have breached the contract of its policy when it wrongfully denies a claim. The Court then sent the case back to the trial court to determine entitlement to tax attorney fees and costs.

Not only is Defendant's motion contrary to Attorney Garrido's own agreement, but it also fails to include citation to directly applicable state and Federal case law – out of this district – that should have provided enough justification to not file this motion and force Plaintiff to incur further legal fees to respond.

**II. BOTH STATE AND FEDERAL CASELAW DOES NOT SUPPORT DEFENDANT'S "MOOTNESS" ARGUMENT WHERE ENTITLEMENT TO TAX ATTORNEY FEES AND COSTS REMAINS AT ISSUE.**

As a starting point, the Defendant's motion to dismiss seeks dismissal on a basis that has already been rejected by the Middle District of Florida and thereafter confirmed on appeal to the 11th Circuit. In addition, the Florida Second District Court of Appeals has also considered and rejected the Defendant's argument as well. Last, though the second count is moot based on conduct that occurred <u>after</u> Plaintiff filed this action, it does not alter whether the Plaintiff's decision to finally file suit to enforce its rights under the Policy due to Defendant's ongoing delays and decision to ignore Plaintiff's invocation of appraisal and the resulting "change of heart" on the part of the Defendant to act entitle Plaintiff to an award of attorney's fees and costs pursuant to the Florida "confession of judgment doctrine."

In *Mont. Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, the Middle District Court entered summary judgment against the insurer after an appraisal panel found that Defendant had significantly underpaid the claim and that it failed to timely engage in appraisal prior to the Association's decision to file a lawsuit seeking to enforce its contractual rights. 2024 U.S. App. LEXIS 27671; No. 23-14162; Middle District of Florida Docket No. 2:19-cv-00601-SPC-KCD.

The Association filed suit to enforce its right to resolve the dispute under the "Appraisal Clause" in the policy because the insurer refused to properly pay the claim and would not simply engage in the appraisal process. The Insurer argued that the Association could not state a cause of action for breach of contract because the Insurer timely paid the appraisal award.[1] The District

---

[1] Westchester did not timely pay the appraisal award in this case. When it finally delivered payment of the appraisal award, it had to also tender interest on the untimely made payment. Westchester also failed to timely reissue payment of the appraisal award pursuant to Plaintiff's check instructions despite finally

Court rejected the Defendant's position and entered summary judgment for the Association and the 11th Circuit *per curiam* affirmed with an opinion. The opinion is cited by the Synergy *Contracting* Court.

In *Synergy Contracting*, as cited by the 11th Circuit, found that the appraisal award liquidated the amount that the Insurer owed for the breach of contract, and that the "appraisal process confirmed" that the insurer "had wrongly denied paying" the policyholder benefits owed under the policy. *Id.* at 67. Moreover, Florida caselaw tying a plaintiff's right to recover to the facts at the time that the complaint was filed concerns whether the lawsuit was filed "prematurely," not the amount that the plaintiff is entitled to. *See Lee v. Harbour Pres., LLC.*, 795 So. 2d 181, 182 (Fla. 3d Dist. 2001).

As discussed in *Synergy Contracting*, the Court acknowledged that a moot case generally will be dismissed, however it determined that the case was not "mooted" simply because the Insurer tendered the appraisal award in the midst of litigation and that under Florida law, an insurer is ordinarily deemed to have breached the contract of its policy when it wrongly denies a claim. *Id.* at 67. The same is said where the Insurer also breaches its duty to appraise the loss and thereafter stipulates to engage in appraisal by way of a joint motion. Doc. 26. As previously held by Middle District and cited in the Parties' Joint Motion at paragraph 5, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, 'neither party has the right to deny that demand.'" *M McGowan v. First Acceptance Ins. Co., Inc.*, 411 Supp. 3d 1293, 1296 (M.D. Fla. 2019). Per the Defendant's own acknowledgement in the Joint Motion, it had no basis to disregard Plaintiff's right to resolve the dispute in appraisal, however that is exactly what Plaintiff alleged.

---

stipulating to reissue at a status conference after refusing to do so prior to the in-person status conference.

Last, pursuant to Federal Rule of Civil Procedure 1.190(c) Boomers has pleaded a breach of contract claim arising from Defendant's failure to properly pay Boomer's claim and because of the Defendant's payment of less than 1/3 the amount of the loss set by the appraisal panel.

Under Florida law, a party will be found to have waived their right to seek appraisal if it actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal. *Fla. Ins. Guar. v. Rodriguez*, 153 So. 3d 301 (Fla. 5th DCA 2014). Moreover, the amount of loss had not yet been set by the appraisal process, and now it is indisputable that the Defendant significantly underpaid Boomer's claim despite performing multiple inspections and taking nearly two years to conceded that it was done adjusting Boomer's claim. The amount of loss is now liquidated and Defendant's breach of its duty to properly determine the loss and indemnify Boomer's is irrefutable and no longer subject to further debate.

Upon closer review of the applicable caselaw that the Defendant's motion fails to address, discuss, or even acknowledge, it becomes apparent that the Defendant's argument in favor of dismissal is simply incorrect. The issue of entitlement to tax remains at issue and creates an ongoing controversy to be resolved by this Court. Notably, Defendant conceded to this point when Attorney Garrido met and conferred with Attorney Millard prior to the filing of the present motion. Neither Attorney Garrido, nor the Defendant addressed, discussed, or otherwise acknowledged this agreed upon issue.

**WHEREFORE**, the Plaintiff, BOOMER'S NEIGHBORHOOD GRILL & BAR, INC. d/b/a KGA, INC., respectfully requests this Deny Defendant's Motion to Dismiss, and order any other relief this Court deems just and proper.

(CERTIFICATE OF SERVICE ON THE NEXT PAGE)

HABERMEHL MILLARD GOSS LLP
385 W. Fairbanks Avenue, Suite 300,
Winter Park, FL 32789
Telephone: (407) 961-6410
Facsimile: (407) 627-1718

By:    */s/ Scott G. Millard*
       **Scott G. Millard, Esq.**
       Fla. Bar No.: 109726

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Juan Garrido
Cozen O'Conner
200 South Biscayne Blvd, Suite 3000
Miami, FL 33131

By CM/ECF system and via electronic mail April 15, 2025

    /s/ Scott G. Millard.
    Scott G. Millard Esq.